Judge Mills
delivered the Opinion of the Court.
The complainant charges in the bill, that he and the defendants were partners in a grocery store; that they had long since dissolved that partnership, and had. never settled their accounts, and that after making many amicable efforts and demands for a settlement, he had failed. He exhibits his account; charges the balance to be in his favor, and prays an account and decree in his favor.
The defendant admits the partnership and its dissolution; denies any balance, and relies on the statute of limitation in bar of the demand. It turns out in proof that more than five years had elapsed since the dissolution of the partnership, and abandonment of its objects.
The court, nevertheless, took an account, and decreed that a balance should be paid to the complainant, and to reverse that decree the defendant has prosecuted his writ of error.
This brings us to the question arising out of the general statute of limitations, which was left open by this court in the case of Lansdale vs. Brashear, fall term, 1826, 3 Monroe 330: that is, whether the exception in the statute, from the effects of the bar of “such accounts as concern the trade of merchan *11 dize, between merchant and merchant, their factors or servants,” embraces the accounts of one merchant partner against his co-partner, arising during the existence of the firm, and existing more than five years after the dissolution? It must be confessed that these parties were merchants in fact, according to the definition of the term adopted in the case cited.
Accounts between the partners of a firm of merchants is not embraced by the terms “ accounts concerning the trade of merchandize between met-chant and merchant” contained in in the statute of limita- ' tions. Hence are barre(^by the lapse ofJ five j ears,
*11 It may at first seem singular that a statute of limitations should exist so long as ours has done, first in England, then in Virginia, and finally in this state, and this question remain without express adjudication. But we have sought in vain in the English and Virginia chancery, as well as that of New York for an express adjudication, and in all these-places the statute is expressed in the same terms in this respect with our own. This singularity need not be-wondered at, when we consider that ail these courts have annihilated the general provisions of the statute by placing all- accounts where any one item of the account came within the bar, without its operation, and also fixing accounts between merchant and merchant, beyond the effect of the exception and within the bar, if no single item comes within the number of years adopted by the statute.. This construction of the statute blended all accounts into one mass, those between partners as well as others, and left the case of co-partners, in taking an account between them on the footing of all. other accounts, and none stood.on a privileged, footing.. These decisions have been justly disregarded by this court, in obedience to the express words of our own statute.
We have said, in accordance with the Supreme court of the nation, that some kind of accounts, by the exception, were privileged and subjected to no bar. This departure from the precedents found in other countries has imposed upon us the necessity of ascertaining what kind of accounts these are which come within the exception, and it is placed before us as a new question, hitherto unsettled and arising out of a proper construction of the statute.
*12 Co-partners as these are, being in fact merchants, the first clause of the exception would seem to meet _their case, and their mutual accounts with each other> may be said to be ‘‘accounts, which concern the trade of merchandise.” But the construction of this clause alone, ought not to settle the question. For ^ R could, then all dealings in the way of trade, between a retail merchant and his ordinary customers, wfifei'eby an account was created, could with pro-Pr*ety be said to be accounts which “concern the trade of merchandise,” and evidently such accounts, where one of the parties is not a merchant, cannot come within the exception. The latter clause must therefore determine the question: that is, accounts between “merchant and merchant.” Both parties must be merchants dealing with each other in their several businesses; between such there is no bar. Now it is clear that co-partners as to each other cannot with propriety be said to be merchant and mer-chaftt. By their union they annihilate their plurality, and as to. strangers they become one merchant, and do not, as to each other, stand in the relation which one merchant bears to another. The statute intended, therefore, only to except the dealings between mercantile houses, whether one or both of them was or was not a co-partnership. Their accounts should not be barred, while the private accounts between themselves are not excepted. For during the partnership there can be no bar, because the agreement to credit each other still exists. After their dissolution there is no greater reason for excepting them than other dealers, for settlement then necessarily follows, if they are prudent men* and it is expedient for the state that their controversies should cfease, as those of other individuals. The reason why the exception Was made corroborates this construction. It was commercial policy that dictated it. Merchants must necessarily deal with, and liberally credit each other, and that in cases where it could not be supposed that obligations, would or could be taken. ' Credit and confidence must necessarily exist and be contined for a length of time. To compel a settlement of mutual ac-. counts by suit, or else to bar them, would to some *13 extent diminish credit, and it was, therefore, thought proper to place merchants on a privileged footing, as to time, in their dealings with each other, while all other accounts should be subject to the bar. With this design the last words of the exception concurs, by adding, “their factors or servants,” as it was not thought proper to compel them to settle up their accounts arising from consignments and remittances with and to their factors or sub-dealers, within the period fixed by the limitation. All this has an eye tp the dealings between house and house, in the course of trade, and does not apply to partners •who have ceased to deal with each other by dissolution. Their case is not excepted, nor can their accounts with each other on thei¡r own books, be termed accounts between merchant and merchant within the meaning of the exception contained in the act, and the bar, therefore, applies.
Daviess, for plaintiff; Haggin and Loughborough, for defendant.
Decree reversed, with costs, and cause remanded, with directions to dismiss the bill with costs.